UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HORACIO GUTIERREZ | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| MORAN TOWING CORPORATION | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Horacio Gutierrez ("Plaintiff"), complaining of Defendant Moran Towing Corporation ("Moran" or "Defendant"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1   Plaintiff is a U.S. citizen and resident of the State of Texas.

1.2   Defendant Moran Towing Corporation ("Moran") is a Delaware corporation with a principal place of business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

### II. JURISDICTION

2.1   The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is also brought pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.

### III.  VENUE

3.1     Venue is proper in this action pursuant to 28 U.S.C. §1391(d).

### IV. FACTS

4.1     At all material times hereto, Moran owned, operated and/or crewed the Barge *Carolina*, the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters.

4.2     On or about April 13, 2021, Plaintiff was working for Delta Marine & Environmental Services, LLC as a tank cleaner on Defendant Moran's vessel.  At the time of the incident Plaintiff was attempting to disembark the vessel for the dock to which it was moored. There was a significant gap between the vessel and the dock, with no gangway provided for Plaintiff's use. Plaintiff was required to step down on hand and footholds on the side of the vessel, and then turn to step across the gap onto the dock. In the process Plaintiff fell from the side of the vessel, striking the dock on his way down to the water below.

### V.  CAUSE OF ACTION

5.1     Pursuant to 33 U.S.C. § 905(b), Defendant Moran as the owner of the vessel at the time of the incident owed a longshore worker like the Plaintiff the following duties: (1) a turnover duty, (2) a duty to exercise reasonable care in the areas of the ship under the active control of the vessel, and (3) a duty to intervene.

5.2     The injuries and resultant damages suffered by Plaintiff were proximately caused by Defendant Moran's violation of the aforementioned *Scindia* duties, including, without limitation, one or more of the following:

(a)     failing to turn over the ship and its equipment in such condition that Plaintiff could carry on his operations with reasonable safety;

(b)     failing to warn Plaintiff of latent or hidden dangers of which the vessel owner knew or should have known;

(c)     failing to provide the Plaintiff with a safe and effective means of ingress to, and egress from, the vessel;

(d)     failing to take reasonable precautions for Plaintiff's safety in the areas of the ship under the active control of Defendant Moran;

(e)     failing to intervene when it became clear that Plaintiff was going to use an unsafe means to disembark from the vessel; and,

(f)     other acts of negligence and/or omissions to be shown at trial herein.

5.3     Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate and/or producing cause of the incident made the basis of this suit and the injuries and resultant damages Plaintiff suffered.

## VI. DAMAGES

6.1     As a result of the negligence of Defendant Moran, Plaintiff sustained severe and permanent injuries to his body.

6.2     Categorical damages which Plaintiff seeks to recover from Defendant includes compensation for the following:

(a) physical impairment sustained by Plaintiff from the date of injury to the time of trial;

(b) physical impairment to be sustained by Plaintiff in the future in all reasonable probability;

(c) physical pain and suffering sustained by Plaintiff from the date of injury to the time of trial;

(d) physical pain and suffering which Plaintiff will suffer in the future in all reasonable probability;

(e) loss or earnings sustained by Plaintiff from the date of injury to the time of trial;

(f) loss of earning capacity that Plaintiff will suffer in the future in all reasonable probability;

(g) reasonable and necessary medical expenses incurred by Plaintiff for the treatment of his injuries from the date of injury to the time of trial;

(h) reasonable and necessary medical expenses that Plaintiff will incur in the future in all reasonable probability for the proper treatment of his injuries;

(i) mental anguish sustained by Plaintiff from the date of injury to the time of trial;

(j) mental anguish that Plaintiff will suffer in the future in all reasonable probability; and

(k) any other damage to which Plaintiff is entitled under applicable law.

## VII. INTEREST

7.1 Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1 Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendant summoning it to appear and answer herein;

(b) that a judgment may be entered in favor of Plaintiff against Defendant for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marc Evan Kutner*
Marc Evan Kutner
SBN 11770575 / SDTX 6238
mkutner@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

ATTORNEYS FOR PLAINTIFF